UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK STAMPONE,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSEPH T. CRIFASI, WILLIAM ROSEMAN, BOROUGH OF CARLSTADT, KATHLEEN A. DONOVAN, PETER C. HARVEY, SOLICITOR GENERAL OF THE UNITED STATES,<br><br>                Defendants. | Civil Action No. 05-3498 (KSH)<br><br><br><br><br><br><br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.    INTRODUCTION**

This matter is presently before the Court on motions to dismiss filed by the defendants, Joseph T. Crifasi, Carlstadt Councilman ("Crifasi"); William Roseman, Mayor of Carlstadt ("Roseman"); the Borough of Carlstadt; Kathleen A. Donovan, Bergen County Clerk ("Donovan"); Peter C. Harvey, the former Attorney General of New Jersey ("Harvey" or "Attorney General"); and the Solicitor General of the United States (collectively referred to as "defendants").

**II.   FACTS**

After an unsuccessful bid for public office as Councilman for the Borough of Carlstadt, Frederick Stampone ("plaintiff" or "Stampone"), appearing *pro se*, sued defendants. Carlstadt's

1

local government consists of a mayor and a Borough Council with six members elected at large to three-year terms on a staggered basis in partisan elections. William Roseman is Carlstadt's Mayor, and Joseph T. Crifasi is one of the six Carlstadt Borough Council members. On June 3, 2005, plaintiff, seeking a seat on the Carlstadt Borough Council, filed a petition with the Bergen County Clerk. The Carlstadt defendants requested copies of the petition from the Clerk. Plaintiff claims that they violated his rights by disclosing the petition to the public and by investigating the signatures on the petition for possible fraud. Plaintiff asserts that Mayor Roseman and a municipal prosecutor questioned the validity of the signatures appearing on the petition. He further alleges that defendants forced the residents who signed his petition falsely to claim that their signatures were forged. See Compl. at ¶ 5; see also Compl. at Ex. C.

Plaintiff claims that Councilman Crifasi threatened the voters who signed the petition to convince them to retract their names in support. Compl. at ¶ 5. He further alleges that then New Jersey State Attorney General Peter Harvey violated his constitutional rights by failing to suspend Crifasi and bring criminal charges against him. Compl. at ¶ 4. Finally, plaintiff alleges that Kathleen Donovan, the Bergen County Clerk, violated his rights by revealing the names on his petition to the Mayor and Borough Council. Compl. at ¶ 4.

Plaintiff demands that this Court "order that all names signed for a petition of nomination for any Office [sic] in any town shall be kept in confidence, and list of names shall not be given to any political members for any reasons." Compl. at ¶ 5. He also seeks compensatory and punitive damages in the amount of $10,000,000. Compl. at ¶ 5.

Harvey, Crifasi, Roseman, Donovan, and the Borough of Carlstadt move to dismiss the complaint pursuant to F.C.R.P. 12(b)(6) for failure to state a claim, and the Solicitor General

moves for dismissal, or, alternatively, for summary judgment.  In general, the defendants claim that plaintiff's federal claims do not pass muster under F.C.R.P. 12(b)(6)'s test, and fail to state a claim upon which relief can be granted.  In addition, defendants argue that the Court does not have subject matter jurisdiction over plaintiff's state law claims – violating the voter's right to vote in private, election tampering, corruption, fraud, conspiracy, blackmail, slander, defamation, harassment, falsification of records, perjury, racketeering, discrimination, and kickbacks – which are asserted under the New Jersey State Criminal Code, Title 19 of the New Jersey Statutes, the Election Laws of New Jersey, and the State Tort Claims Act.  Finally, Harvey also argues that sovereign immunity bars the claims Stampone asserts against him.

### III.  PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS

*Federal:* Amid a jumble of numerical and alphabetical references, plaintiff invokes two specific federal statutes, 42 U.S.C. §§ 1985 1986, in his complaint.  Compl. at ¶ 1.  In addition, he makes several constitutional claims against the defendants that appear to be invoking 42 U.S.C. § 1983, which provides remedies for a plaintiff when a defendant state actor has deprived that plaintiff of rights established in the Constitution or federal laws.  Compl. at ¶ 1; 42 U.S.C. § 1983.

*State:* Plaintiff's state claims invoke the New Jersey State Criminal Code, Title 19, the Election Laws of New Jersey, and the State Tort Claims Act.  As stated above, plaintiff asserts that defendants engaged in violating voters' rights to vote in private, election tampering, corruption, fraud, conspiracy, blackmail, slander, defamation, harassment, falsification of records, perjury, racketeering, discrimination, and kickbacks.  Compl. at ¶ 1.

A.   **Claims Against Donovan**

Kathleen Donovan is the duly elected Clerk of the County of Bergen, which imposes upon her the duties of filing petitions for nomination for public office.  Donovan Br. at 1; N.J.S.A. 19:13-3.   Plaintiff alleges that she:

> violated our United States Constitution by sending the list of names of voters that signed my (plaintiff) petition to Carlstadt's Mayor and Council. . . . If the law allows Ms. Donovan to send the names of voters that signed my (plaintiff) petition . . . , then that law is against our United States Constitute [sic] and its Amendments.

Compl. at ¶ 4.  The complaint goes on to instruct the Court that it is

> your job to change any laws that violated our United States Constitute [sic] and its Amendments.  The our [sic] United States Constitute and its Amendments state that a voter has the right to vote in private.  The neglences [sic] of Ms. Donovan sending the names of voters that signed my (plaintiff) petition to Carlstadt's Mayor and Council has violated the voters right to vote in private, caused, tampering with the election, Corruption, Fraud, Conspiracy, Slander, Black Mailing, and Defamation Of Character.

Compl. at ¶ 4.  The Court construes the foregoing as an attempt to raise a Section 1983 claim. Section 1983 provides a vehicle through which a plaintiff may bring suit against a state actor who has deprived him of his federal rights under the United States Constitution or federal statute.  42 U.S.C. § 1983.  To bring such a claim, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or the laws of the United States; and (2) that the deprivation was committed by a person acting under the color of state law.  Id.; Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999).

B.   **Claims Against Crifasi**

According to plaintiff, Crifasi engaged in criminal conduct when he "used the names of voters that signed my (plaintiff) petition that work for the town by threaten[ing], black mailing

4

and bulling [sic] them to change their minds, by stating that they did not know what they were signing when they signed my petition." Compl. at ¶ 5.  He charges Crifasi with "violating the voters right to vote in private, . . . tampering with the election, Corruption, Fraud, Conspiracy, Black Mailing, Slandering me (plaintiff) and Defamation Of my (plaintiff) Character."  Compl. at ¶ 5.  Plaintiff also brings a malicious prosecution claim simply because he "expect[s] to be prosecuted for some made up charges" by Crifasi.

These claims appear to include both state and federal claims.  The federal claims of violating a right to vote could be understood as deriving from Section 1983.  Crifasi, like Donovan, is a state actor.  Again, plaintiff alleges that he was deprived of his federally guaranteed rights by Crifasi's actions.  Thus, in order to prove his claim, he must demonstrate: (1) a violation of a right secured by the Constitution or the laws of the United States; and (2) that the deprivation was committed by a person acting under the color of state law.  42 U.S.C. § 1983; Abraham, 183 F.3d at 287.  In addition, plaintiff alleges that his rights were violated pursuant to 42 U.S.C. §§ 1985 1986.  Compl. at ¶ 1.  Although he does not specify against whom he brings these charges, the Court infers that they relate to the actions he attributes to Crifasi.  Sections 1985 and 1986 prohibit conspiracies that interfere with the performance of official duties by federal officers, 42 U.S.C. § 1985(1), and that interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws," as well as the right to support candidates in federal elections.  42 U.S.C. § 1985(3).

**C.    Claims Against Roseman**

Plaintiff alleges that Mayor Roseman conspired with Crifasi, and also that "Roseman (Mayor) and Council promised me a job as building inspector if I could get a building inspector

5

license." Compl. at ¶ 6. He claims that although he did obtain such a license, "[w]hen Mr. Roseman found out that I was running against Joseph T. Crifasi for Council, then he went and hired someone else." Compl. at ¶ 6.

Construing the allegations liberally to assume Roseman was a state actor in the alleged conduct, the Court infers that plaintiff brings these claims against him pursuant to Section 1983. Therefore, plaintiff's federal claims against Roseman must demonstrate: (1) a violation of a right secured by the Constitution or the laws of the United States; and (2) that the deprivation was committed by a person acting under the color of state law. 42 U.S.C. § 1983; Abraham, 183 F.3d at 287. In addition, to the extent that plaintiff contends that Roseman conspired against him, these claims relate to 42 U.S.C. §§ 1985 and 1986. 42 U.S.C. § 1985(1) prohibits conspiracies that interfere with the performance of official duties by federal officers, and 42 U.S.C. § 1985(3) prohibits those which interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws," as well as the right to support candidates in federal elections.

**D.     Claims Against Borough of Carlstadt, Harvey, State of New Jersey, and Solicitor General of the United States**

Plaintiff alleges that these highly placed defendants violated his constitutional rights by negligently failing to suspend from office and bring criminal charges against Crifasi, which he claims resulted in harm against him by "depriv[ing him] of rights under the United States Constitution." Compl. at ¶ 9. He states that he sent Roseman, the Borough of Carlstadt, Harvey, the State of New Jersey, the Solicitor General, and the United States a warning letter requesting that Crifasi be suspended and warned the defendants that "[i]f this request is not meet [sic]

6

within 7 days, . . . then I will file for relief against all of you." Compl. at ¶ 7. And plaintiff did.

## IV.   MOTIONS FILED

Donovan, Harvey, and the Solicitor General have moved individually for dismissal of the claims against them. The remaining three defendants – Crifasi, Roseman, and the Borough of Carlstadt – filed a joint motion to dismiss. All motions are based, in general, upon a lack of subject matter jurisdiction and/or that plaintiff fails to state a claim upon which relief could be granted.

## V.   MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). When a court considers a motion to dismiss, it must accept all allegations in the non-movant's pleadings as true, and make all reasonable inferences in the non-movant's favor. Curtis v. Everette, 489 F.2d 516, 518 (3d Cir. 1973). However, the court need not credit a complaint's "bald assertions" or "legal conclusions." Morse, 132 F.3d at 906 (citing Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989)); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based on those documents. Pension Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1992).

When a complaint is filed *pro se*, the Court will liberally construe the pleadings and will apply the applicable law, "irrespective of whether the pro se litigant has mentioned it by name."

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (citing Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

## VI.   DISCUSSION   (FEDERAL CLAIMS)

**Laws and Statutes Invoked in the Complaint - Generally**

Plaintiff claims that defendants violated his rights under 42 U.S.C. §§ 1983, 1985, and 1986 by conspiring to prevent him from running for public office. He also invokes the federal constitution.

42 U.S.C. § 1983 prohibits state actors from acting under color of state law to deprive those of rights guaranteed under the federal constitution and laws. As earlier indicated, while this federal statute is not specified in the complaint, plaintiff is seeking both injunctive relief and monetary damages and asserting generalized grievances against these municipal and state officials based upon constitutional rights of himself (and, whether properly or not, the constitutional rights of others). The Court will assume plaintiff intends to invoke the remedies in Section 1983.

In general, Section 1985(1) proscribes conspiracies that interfere with the performance of official duties by federal officers, Section 1985(2) proscribes those that interfere with the administration of justice in federal and state courts, and Section 1985(3) proscribes those that interfere with the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws," as well as the right to support candidates in federal elections. See 42 U.S.C. §§ 1985(1)-(3). A violation of 42 U.S.C. § 1986 arises from the conspirators' failure to prevent the Section 1985 violations from occurring. 42 U.S.C. § 1986.

As indicated, plaintiff does not distinguish, but the Court assumes he is alleging that the

defendants' conduct either violated Section 1985(1) or (3), because Section 1985(2) clearly does not pertain to the present case, as it prohibits conspiracies to obstruct justice and to intimidate litigants and witnesses. The plaintiff was not a litigant or witness, and is not alleging that the defendants obstructed justice or intimidated him in such a manner. Arguably then he is alleging that defendants violated Section 1985(1), as it prohibits "two or more persons" from interfering with a federal officer's performance of his duties. 42 U.S.C. § 1985(1). And arguably he may also be alleging a violation of Section 1985(3), which prohibits conspiracies to deprive persons of certain constitutional rights. 42 U.S.C. § 1985(3).

**A.     42 U.S.C. § 1983**

To state a claim under Section 1983, the plaintiff must demonstrate that the defendant, acting under color of state law, deprived him "of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). See also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

To evaluate a Section 1983 claim, a court must first determine that the defendant was acting "under color of state law." The Supreme Court has stated that "[t]he traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (citations omitted). Here, it is clear that all of defendants' alleged actions were committed within their capacities as state actors. This fact is undisputed by any of the parties.

Next, the Court must "identify the exact contours of the underlying right said to have

been violated" and then determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998). It is within this inquiry that plaintiff's arguments fail. Despite his summary assertion that defendants violated his constitutional rights, after a careful review of the complaint the Court concludes that none of the allegations can be construed to make out a viable constitutional violation.

Plaintiff interprets Donovan's actions in disseminating the signatures from his petition to the Mayor and Borough Council as violating his constitutional rights. Compl. at ¶ 4. There is no legal merit to this. Donovan was acting within her capacity as Bergen County Clerk to file petitions she receives in support of nomination to public office. Donovan Br. at 3. The Court gleans from the record that defendants merely examined the signatures on the petition to ensure their authenticity. The process of Donovan's filing the petition and the defendants' examining the signatures thereon does not constitute a federal constitutional tort – it is a legally valid process. Under New Jersey law, "[a]ll petitions when filed shall be open under proper regulations for public inspection." N.J.S.A. § 19:13-3. Other New Jersey statutes make it clear that there should be no legitimate expectation of privacy in filing a petition with the county clerk, as there is open access to records to allow the public to bring timely challenges to such petitions. See N.J.S.A. § 19:13-10. In addition, the Open Public Records Act allows for government records to be "readily accessible for inspection, copying, or examination by citizens of this State." N.J.S.A. § 47:1A-1. Clearly, plaintiff had no legitimate expectation that such records would remain private. Without such an expectation, his Fourth Amendment right to privacy could not have been violated. Katz v. United States, 389 U.S. 347, 360 (1967) (holding that a court must determine that a person has a "constitutionally protected reasonable expectation of

privacy" to support a Fourth Amendment claim).

Plaintiff's claims against Roseman, Crifasi, and the remaining defendants revolve around allegations of a conspiracy to deprive him of his constitutional right to run for public office, and a lack of sanctions for this conduct. Compl. at ¶¶ 5, 6, 9. He also claims that Roseman's and Crifasi's decision not to hire him as a building inspector was a retaliatory action. Compl. at ¶ 6.

The Court reviews the foregoing to determine if they survive the defendants' challenge under the appropriate constitutional analysis discussed above. First, his allegation that defendants violated his right to vote in private is not supported by the facts he pleads. These facts do not show that he was casting a vote for a candidate in a political race; instead, he was collecting signatures for a petition in support of his own run for public office.

Second, he sets forth no facts demonstrating that defendants conspired against him. In order to state a claim for civil conspiracy, plaintiff must demonstrate: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages. Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003) (citations omitted). The complaint is bereft of any facts that would indicate a genuine "agreement or confederation with a common design" among the named defendants.

Finally, plaintiff's retaliation claim fails, as there is nothing to suggest that a failure to uphold a promise of employment amounts to a federal constitutional violation. Compl. at ¶ 6. Plaintiff states that "Roseman . . . and Council promised [him] a job as building inspector," but

that when "Mr. Roseman found out that [he] was running against Joseph T. Crifasi for Council, then [Roseman] went and hired someone else." Compl. at ¶ 6. In order to establish a *prima facie* case of unconstitutional retaliation, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position in question; and (3) nonmembers of the protected class were treated more favorably. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000). Plaintiff fails to prove any one of these prongs. His claims about Roseman's hiring decision rest on purely a *post hoc, propter hoc* assertion.

Finally, when a public official's actions are at issue, the issue of qualified immunity arises. Hunter v. Bryant, 502 U.S. 224, 227 (1991). Qualified immunity applies when the official's action "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order to determine whether the immunity applies, a court must consider the facts alleged "in the light most favorable to the party asserting the injury" whether "the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, then the court must determine whether the right allegedly violated was "clearly established." Id. Here, plaintiff has failed to make out any constitutional claim, let alone one that is "clearly established," and, thus, qualified immunity applies to protect the state defendants.

Plaintiff's claims against the municipal employees based upon alleged constitutional wrongdoing and analyzed under Section 1983 claims have no merit, and are dismissed against the defendants.

**B.     42 U.S.C. § 1985(1)**

Section 1985(1) prohibits two or more persons from conspiring to prevent "any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof . . . ."  In full, the statute reads:

> (1) Preventing officer from performing duties.
>
> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties[, then a cause of action exists].

42 U.S.C. § 1985(1)

This section outlaws conspiracies that prevent an officer from discharging his duties; plaintiff was not an officer here.  As the Third Circuit has held, Section 1985(1) "is applicable only where there is an alleged conspiracy to interfere with a federal officer's performance of his official duties."  Konopka v. Borough of Wyoming, 383 F.Supp.2d 666, 672 (M.D. Pa. 2005) (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 423 n.1 (3d Cir. 2003)).  The fact that plaintiff was considering running for a position does not entitle him to make out a Section 1985(1) claim as an officer of the federal or state government.  In addition, even if plaintiff had been an officer, the claim would still fail.  As discussed above, there are no facts to support the allegation of a conspiracy.

**C.     42 U.S.C. § 1985(3)**

Section 1985(3) creates a cause of action against any two persons who "conspire . . . for

the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3).  The Supreme Court has noted that the "equal protection" language in Section 1985 requires that claims brought under this section be supported by allegations that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Sell v. Barner, 586 F. Supp. 319, 323 (E.D. Pa. 1984) (noting Sections 1985(2) and (3) require allegations of a denial of equal protection of the laws by conspiratorial acts that were motivated by a class based, invidiously discriminatory animus).  Thus, to establish a Section 1985(3) violation, a plaintiff must prove the following five elements: (1) a conspiracy; (2) motivated by racial or perhaps otherwise class-based invidious discrimination; (3) for the purpose of depriving either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; (4) an act in furtherance of the conspiracy; and (5) that the plaintiff was injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States.  Griffin, 403 U.S. at 102-03.  A claim for conspiracy under Section 1985(3) must show that the alleged conspirators did, in fact, violate the plaintiff's constitutional rights. Dells, Inc. v. Mundt, 400 F. Supp. 1293, 1298 (S.D.N.Y. 1975).

     Plaintiff's theory of constitutional wrongdoing is based on his assertion of a federal constitutional right to vote in private.  But, as stated above, the facts he pleads demonstrate that he was not casting a vote for a candidate in a political race; rather, he was collecting signatures for a petition in support of his own run for a councilman position.  These two activities are distinct.  Plaintiff lacks standing to allege a Section 1985(3) violation – the individuals who

14

signed the petition are the proper parties to argue such a claim.

In addition, plaintiff has not alleged race or class-based invidious discrimination and so his Section 1985 claim cannot be sustained. See Burns v. State Police Ass'n of Mass., 230 F.3d 8, 12 n.4 (1st Cir. 2000).

**D.      42 U.S.C. § 1986**

A Section 1986 claim depends on proof of a Section 1985 claim. See, e.g., Rogin v. Bensalem Township, 616 F.2d 680, 697 (3d Cir. 1980), cert denied, 450 U.S. 1029 (1981). Liability under 42 U.S.C. § 1986, which provides a cause of action for neglect to prevent conspiracy to interfere with a person's civil rights, is derivative of liability under 42 U.S.C. § 1985; without violation of the latter, there can be no violation of the former. Rogin, 616 F.2d at 697. Accordingly, defendants' motions to dismiss will be granted on both the Section 1985 and 1986 claims.

**VII.    ALLEGED FUTURE FEDERAL VIOLATIONS**

Reviewing plaintiff's charges, he asserts: (1) that defendant Donavan allegedly "sen[t] out the names of voters that signed my (plaintiff) petition to Carlstadt's Mayor and Council," Compl. at ¶ 4; (2) that Crifasi conspired to convince the voters who signed plaintiff's petition "that [they] did not know what they were signing," Compl. at ¶ 4; and (3) that defendant Roseman did not hire plaintiff when he allegedly "found out that [plaintiff] was running against Joseph T. Crifasi for Council." Compl. at ¶ 6. In addition, he claims that the remaining defendants unlawfully failed to discipline Crifasi for his alleged actions. Plaintiff does not confine himself to what has happened. Plaintiff asserts in ¶ 5 that he is adding a count for malicious prosecution because he

"expect[s] to be prosecuted for some made up charges as a result of [him] filing this lawsuit." Even were the Court to construe this as a federally based claim, a plaintiff may not sue over something he suspects may happen. The charge is frivolous and without merit.

### VIII. STATE CLAIMS/ALLEGATIONS OF CRIMES

As for the other claims alleged, namely "tampering with the election, Corruption, Fraud, Conspiracy, Black Mailing, Slandering me (plaintiff) and Defamation Of my (plaintiff) Character," Compl. at ¶ 4, there are no facts alleged supporting any such claims. Plaintiff merely makes a laundry list of illegalities ascribed to the defendants without any portion of the complaint devoted to providing factual support. While the court must accept as true all well-pled allegations in the complaint, it must not be "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 378 U.S. 265, 286 (1986). Further, insofar as the illegalities fall under state law, statutory or common, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). It is well-established that "when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." Arbaugh v. Y&H Corp., 126 S.Ct. 1235, 1244-45 (2006) (citations omitted).

Here, the Court has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), and therefore "may decline to exercise supplemental jurisdiction over [the state-law] claim[s]." 28 U.S.C. § 1367(c). The Supreme Court instructs that in considering whether to exercise supplemental jurisdiction in cases where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). This Court declines to exercise jurisdiction over the state law claims.

### IX.  CLAIMS AGAINST ATTORNEY GENERAL/SOLICITOR GENERAL

Plaintiff charges the New Jersey State Attorney General and the Solicitor General of the United States as civilly liable to him because they did not sanction the municipal defendants. These claims are frivolous and barred for a variety of reasons, beginning with the well-established immunities of these offices. The Court has devoted enough attention to the arguably less frivolous, but still manifestly non-meritorious aspects of this complaint to forego any further discussion of the claims against these defendants and dismisses them.

### X.  CONCLUSION

For the reasons stated above, defendants' motions to dismiss are granted in full. An appropriate order accompanies this decision.

Dated: September 20, 2006                             /s/ Katharine S. Hayden

                                                                  Katharine S. Hayden, U.S.D.J.